UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRADLEY GRUBHAM,<br><div align="center">Petitioner,</div><br>v.<br><br>MIKE OBENLAND,<br><div align="center">Respondent.</div> | CASE NO. 3:13-CV-05646-RJB-JRC<br><br>ORDER |

The District Court has referred this 28 U.S.C. § 2254 habeas corpus petition to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and Magistrate Judge Rules MJR3 and MJR4.

Before the Court are three motions filed by petitioner Bradley Grubham – (1) motion to amend petition and correct the memorandum of law (Dkt. 39); (2) motion to disclose all exculpatory evidence (Dkt. 40); and (3) motion for extension to amend petition and memorandum in support (Dkt. 44). The Court finds that petitioner's motion to amend is granted

(Dkt. 39), the motion to disclose all evidence is denied as moot (Dkt. 40) and the motion for

extension is granted (Dkt. 44).

Petitioner filed his habeas petition on August 20, 2013 (Dkt. 9). In November 2013, the

Court stayed the petition and held it in abeyance so that petitioner could exhaust his claims in

state court (Dkt. 23). The stay expired on May 22, 2015 (Dkt. 32).

1.  Motion to Amend (Dkt. 39) and Motion for Extension (Dkt. 44)

Petitioner asks the Court for leave to amend his petition and to file a corrected

memorandum of law (Dkt. 39). A habeas petitioner's opportunity to amend as a matter of course,

without permission of the Court, exists within 21 days of when the responsive pleading is served,

and even then only once. Fed. R. Civ. P. 15(a) ("A party may amend its pleading once as a

matter of course within … 21 days after service of a responsive pleading."); *Mayle v. Felix*, 545

U.S. 644, 665-66 (2005). After one amendment, or after the government files an answer or other

response, a petitioner may not amend without the court's leave or the respondent's consent. *Id.*

Here, petitioner filed his motion to amend on June 22, 2015 (Dkt. 39), eighteen (18) days

before respondent filed his answer to the habeas petition – a responsive pleading – on July 9,

2015 (Dkt. 42). The Court therefore grants petitioner's motion to amend as a matter of course.

Petitioner is advised that the amended petition and memorandum will operate as a

complete substitute for (rather than a mere supplement to) the original petition (Dkt. 9) and

memorandum (Dkt. 37).  In other words, an amended petition replaces the original in its entirety,

making the original as if it never existed.  Reference to a prior pleading or another document is

unacceptable – once petitioner files an amended petition, the original petition and memorandum

of law will no longer serve any function in this case. Plaintiff must file a new and complete

amended petition on the court-approved form and attach one memorandum in support of the

1  petition that includes all arguments he wishes to consider. Petitioner should title this document

2  "Amended Petition."

3       Petitioner also seeks a ninety-day extension to amend his petition and correct the

4  memorandum in support (Dkt. 44). Petitioner explains that his state remedies were only recently

5  exhausted and that he is attempting to research the decisions and arguments of the state court of

6  appeals (*id*.). He also states that he has limited access to the law library and that he is waiting to

7  receive his entire state appeal file (*id*).  Respondent has not objected to petitioner's motion.

8  Petitioner shows good cause for the extension and the Court finds that respondent will not be

9  prejudiced by this extension. Accordingly, petitioner's motion for extension is granted.

10       2.  Motion to Disclose all Exculpatory Evidence (Dkt. 40)

11       Petitioner seeks to order the Kitsap County Prosecutor's Office to provide all exculpatory

12  evidence that was or should have been disclosed prior to trial but that "can still be critically

13  important regarding post-conviction relief."(Dkt. 40). Respondent has not responded to this

14  motion (*see generally* Dkt.).

15       With respect to what materials are considered in a habeas petition, when a respondent

16  answers a petition, respondent must also attach to the answer:

17       (1) any brief that the petitioner submitted in an appellate court contesting the
         conviction or sentence, or contesting an adverse judgment or order in a post-
18       conviction proceeding;
         (2) any brief that the prosecution submitted in an appellate court relating to the
19       conviction or sentence; and
         (3) the opinions and dispositive orders of the appellate court relating to the
20       conviction or the sentence.

21  28 U.S.C. § 2254 Rule 5(d).  In addition:

22       The answer must also indicate what transcripts (of pretrial, trial, sentencing, or
         post-conviction proceedings) are available, when they can be furnished, and what
23       proceedings have been recorded but not transcribed. The respondent must attach
         to the answer parts of the transcript that the respondent considers relevant. The

24

judge may order that the respondent furnish other parts of existing transcripts or that parts of untranscribed recordings be transcribed and furnished. If a transcript cannot be obtained, the respondent may submit a narrative summary of the evidence.

28 U.S.C. § 2254 Rule 5(c).

With respect to discovery, "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997); *Smith v. Mahoney*, 611 F.3d 978, 996 (9th Cir. 2010). "Rule 6(a) of the Federal Rules Governing § 2254 Cases states that '[a] party shall be entitled to invoke the processes of discovery available under the Fed. R. Civ. P. if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.'" *Smith*, 611 F.3d at 996. "Good cause exists 'where specific allegations before the court show reason to believe that petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief . . . .'" *Id*. (*quoting Bracy*, 520 U.S. at 908-09). "Where good cause exists, 'it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry.'" *Id*. (*quoting Harris v. Nelson*, 394 U.S. 286, 300 (1969)).

Here, respondent filed his answer and relevant state court record (Dkt. 42, Dkt. entry dated June 10, 2015). However, petitioner has been granted leave to amend his petition. After petitioner amends his petition and respondent has an opportunity to file a supplemental answer, petitioner will then have the opportunity to file a reply, at which time he may submit additional portions of the state court record that he deems necessary. Upon receipt of respondent's supplemental answer and petitioner's reply, the Court will review the file to determine whether discovery or expansion of the record is necessary and whether an evidentiary hearing is required. 28 U.S.C. § 2254 Rules 6, 7 and 8.

1    Thus, as petitioner has leave to amend his petition, his motion to order disclosure of all

2 exculpatory evidence is denied as moot.  The Court notes that petitioner may renew this motion

3 at the appropriate time.

4                                                   CONCLUSION

5    Petitioner's motion to file an amended petition (Dkt. 39) and his motion for extension

6 (Dkt. 44) are granted.  Petitioner's motion to disclose all exculpatory evidence is denied as moot

7 (Dkt. 40). Petitioner shall file his amended petition and corrected memorandum of law by

8 October 31, 2015. Respondent's supplemental answer, if any, is due by December 15, 2015.

9 Petitioner's reply, if any, is due by December 30, 2015.  If petitioner fails to submit an amended

10 petition by October 31, 2015, this action will proceed on the original petition and memorandum

11 (Dkts. 9, 37).

12    Dated this 3rd day of August, 2015.

13

14                                       J. Richard Creatura
                                         United States Magistrate Judge
15

16

17

18

19

20

21

22

23

24