UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRADLEY ALLEN GRUBHAM,<br><br>           Petitioner,<br><br>    v.<br><br>STATE OF WASHINGTON,<br><br>           Respondent. | CASE NO. 3:13-CV-05646-RJB-JRC<br><br>ORDER |

    Before the Court are petitioner's (1) motion for leave to file an over-length memorandum (Dkt. 62); (2) second application to proceed *in forma pauperis* ("IFP," Dkt. 64); and (3) motion to supplement original memorandum (Dkt. 66). Because the Court has previously advised petitioner that he may not supplement his original memorandum, petitioner's motions to file an over-length memorandum (Dkt. 62) and motion to supplement original memorandum (Dkt. 66) are denied. Petitioner is already proceeding IFP and thus, his second motion to proceed IFP (Dkt. 64) is denied as moot.

ORDER - 1

**A.     Second Motion for Leave to Proceed** *In Forma Pauperis*

On August 20, 2013, the Court granted plaintiff's first application to proceed *in forma pauperis* (IFP). Dkt. 8. On May 2, 2016, plaintiff filed his second application to proceed IFP, which appears to be a duplicate filing of his first application. *See* Dkt. 15. Because plaintiff has been granted IFP status, his duplicative application is moot and therefore, denied.

**B.     Motion to File an Over-Length Memorandum and Motion to File a Supplemental Memorandum**

Petitioner also moves the Court to supplement his original memorandum, consisting of 29 pages and 38 pages of exhibits, with this over-length supplemental memorandum, consisting of an additional 58 pages. Dkts. 62 (motion to file over-length memorandum), 66 (motion to file a supplemental memorandum). Respondent objects to petitioner's motion to supplement and requests that petitioner's amended petition (Dkt. 63) be considered at this time. Dkt. 68

In the Court's order granting petitioner's motion for an extension to file his amended petition and memorandum, the Court advised petitioner that any amended memorandum would operate as a complete substitute for (rather than a mere supplement to) the original memorandum (Dkt. 37). Dkt. 60. The Court also warned petitioner that reference to a prior pleading or another document is unacceptable – once petitioner files an amended petition, the original petition and memorandum of law will no longer serve any function in this case. *Id.*

Because petitioner has already been advised that he may not supplement his original memorandum with an amended memorandum, the Court denies petitioner's motion to supplement (Dkt. 66). However, the Court provides petitioner with one more opportunity to file *one* amended memorandum that includes all facts, allegations, and authority within 14 days of the entry of this order. The amended memorandum must be legibly written or retyped in its entirety. Plaintiff may not attach a separate document that purports to be a supplement to his

ORDER - 2

original memorandum. If plaintiff fails to file one, complete amended memorandum, within 14 days, this action will proceed on the original memorandum (Dkt. 37).

The Court also denies petitioner's motion to file his over-length amended memorandum (Dkt. 62) as it seeks to supplement, and not replace, his original memorandum.

Petitioner is advised that the Court will not entertain any future requests to amend or supplement his petition or memorandum.

Respondent's supplemental answer to petitioner's amended petition (Dkt. 63) is due within 45 days of the entry of this order. The supplemental answer will be treated in accordance with LCR 7. Accordingly, on the face of the supplemental answer, respondent shall note it for consideration on the fourth Friday after filing. Petitioner may file and serve a response not later than the Monday immediately preceding the Friday designated for consideration of the matter, and respondent may file and serve a reply not later than the Friday designated for consideration of the matter.

Dated this 24th day of May, 2016.

J. Richard Creatura
United States Magistrate Judge