UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRADLEY ALLEN GRUBHAM,<br><br>　　　　Petitioner,<br><br>　v.<br><br>STATE OF WASHINGTON, et al.,<br><br>　　　　Respondent. | CASE NO. 3:13-cv-05646-RJB-JRC<br><br>ORDER ON PETITIONER'S<br>MOTION TO SUPPLEMENT |

　　　Before the Court is petitioner's second amended habeas corpus petition (Dkt. 72), respondent's answer (Dkt. 76) and motion to include additional point and authority (Dkt. 84). In his motion, petitioner asks the Court to add additional authority to supplement his second amended petition with respect to the first aggressor jury instruction. Dkt. 84. Petitioner argues that the first aggressor jury instruction was ambiguous and misleading. *Id.* Respondent has not filed a response to petitioner's motion. *See* Dkt.

　　　In his answer, respondent argues that petitioner has raised an issue of state law, and his claim is not a cognizable in federal court. Dkt. 76 at 14 fn. 2. Respondent is correct that a challenge to a jury instruction solely as an error of state law, does not raise a cognizable ground

ORDER ON PETITIONER'S MOTION TO
SUPPLEMENT - 1

for relief in federal habeas corpus proceedings. *See Estelle v. McGuire*, 502 U.S. 62, 71-72 (1991); *Hallowell v. Keve,* 555 F.2d 103, 106 (3rd Cir. 1977); *Williams v. Calderon,* 52 F.3d 1465, 1480–81 (9th Cir.1995), *cert. denied,* 516 U.S. 1124 (1996). To state a claim for federal habeas relief, petitioner must challenge "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Estelle,* 502 U.S. at 72 (citation omitted); *Jeffries v. Blodgett,* 5 F.3d 1180, 1195 (9th Cir. 1993), *cert. denied,* 510 U.S. 1191 (1994). A jury instruction violates due process when it relieves the prosecution of its burden in proving every element of the offense beyond a reasonable doubt. *See Middleton v. McNeil,* 541 U.S. 433, 437 (2004) ("In a criminal trial, the State must prove every element of the offense, and a jury instruction violates due process if it fails to give effect to that requirement." *citing Sandstrom v. Montana,* 442 U.S. 510, 520–21 (1979)).

Although the Court recognizes that petitioner's second amended petition is not entirely clear, petitioner argues that the ambiguous instruction denied him his ability to present his theory of self-defense, and that the state was relieved of its burden to prove every element of the offense beyond a reasonable doubt. Dkt. 75-1 at 20. Petitioner also contends that the first aggressor jury instruction was ambiguous and that the ambiguity of the instruction allowed the state to knowingly misstate the law of that instruction. *Id.* at 18-20. Petitioner cites to several federal court cases. *Id.* at 20 (*citing "Winship,* 397 U.S. 358 (1970)[;] *Sandstrom v. Montana,* 442 U.S. [442 U.S. 510 (1979)]; and also citing *Arizona v. Fulimante,* 499 U.S. 279, 306-310 (1991)"). Thus, a liberal construction of this claim finds that petitioner has sufficiently alleged that the ambiguous first aggressor jury instruction violated due process, and thus, that petitioner has stated a separate claim for relief under federal law. *See* Dkt. 75-1 at 20.

Because petitioner raised this claim in his second amended petition, the Court denies petitioner's motion to supplement (Dkt. 84) as moot. Moreover, the Court notes that this case has been pending for over three years and the Court has previously advised petitioner that it will not entertain any future motions to supplement or amend his petition. *See* Dkt. 69. However, because respondent has not yet addressed petitioner's claim related to the ambiguity of the first aggressor jury instruction as a violation of due process, the Court finds that supplemental briefing is required.

The Court orders respondent to file a supplemental brief limited to five pages to address the remaining due process jury instruction claim on or before January 16, 2017. Petitioner may file a response, limited to five pages, on or before January 20, 2017. Petitioner is advised that his response is strictly limited to responding to the arguments raised in respondent's supplemental brief, and his due process jury instruction claim. Any arguments that are outside the scope of respondent's supplemental brief will not be considered by the Court.

Accordingly, it is **ORDERED:**

(1) Respondent shall file a supplemental brief, limited to five pages, addressing petitioner's due process jury instruction claim **on or before January 16, 2017.** Petitioner may file a response, limited to five pages, **on or before January 20, 2017.**

(2) The Clerk is directed to **strike** the noting date of the petition (Dkt. 72) and **re-note** it for **January 20, 2017.**

Dated this 27th day of December, 2016.

J. Richard Creatura
United States Magistrate Judge