1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9
10

| BRADLEY ALLEN GRUBHAM, | CASE NO. 13-5646 RJB JRC |
|---|---|
| Petitioner, | ORDER ON PETITIONER'S MOTIONS REGARDING LEGAL PROPERTY |
| v. | |
| MICHAEL OBENLAND, | |
| Respondent. | |

This matter comes before the Court on the Petitioner's "Motion for Court Order to Department of Corrections to Not Destroy Movant's Legal Property and to Return it to Movant in its Entirety," (Dkt. 91), "Motion to Supplement with Additional Authority," (Dkt. 92), "Amended Motion for Dept of Correction's [sic] to 1) Cease [unreadable] of destruction 2) Grant leave from Postage/shipping demands 3) Convey Legal Property/Work Product to Petitioner's Possession," (Dkt. 95), and "Motion to Supplement Argument Requesting Order Directing Dept of Correction's [sic] to convey all of Petitioner [sic] Legal Property including Typewriter be Delivered to Grubham Free of Charge at Contempt Will Result in Monetary Penalty" (Dkt. 97). The Court has considered the pleadings filed regarding the motions and the remaining file.

1    Petitioner brings this case pursuant to 28 U.S.C. § 2254, challenging his conviction in
2 state court of first degree assault. Dkt. 1. On February 8, 2017, a 42-page Report and
3 Recommendation was filed, recommending that the petition be denied on the merits and a
4 certificate of appealability not issue. Dkt. 93. Petitioner's motion for an extension of time to file
5 objections was granted. Dkt. 96. The Report and Recommendation is noted for consideration on
6 June 23, 3017. *Id*.

7    On February 7, 2017, Petitioner filed two motions, seeking a court order requiring the
8 Washington Department of Corrections ("DOC") ship him his legal paperwork and typewriter to
9 his new facility and prohibit the DOC from destroying it. Dkts. 91 and 92. On February 15,
10 2017, Petitioner filed his "Amended Motion for Dept of Correction's [sic] to 1) Cease
11 [unreadable] of destruction 2) Grant leave from Postage/shipping demands 3) Convey Legal
12 Property/Work Product to Petitioner's Possession," (Dkt. 95), and on February 21, 2017, he filed
13 his "Motion to Supplement Argument Requesting Order Directing Dept of Correction's [sic] to
14 convey all of Petitioner Legal Property including Typewriter be Delivered to Grubham Free of
15 Charge at Contempt Will Result in Monetary Penalty" (Dkt. 97).

16    Petitioner indicates that he was moved in late January from Stafford Creek Corrections
17 Center to Clallam Bay Corrections Center and no longer has any of his legal materials or his
18 typewriter. Dkts. 91, 92, 95 and 97. Petitioner seeks an order (1) requiring the DOC ship all his
19 personal property, including his legal materials and typewriter, to his new institution, Clallam
20 Bay Corrections Center, and (2) requiring Clallam Bay Corrections Center to relinquish all
21 property to him. *Id*. Petitioner contends that he paid the $15.00 to ship his typewriter. *Id*. It
22 appears from his February 15, 2017 pleadings that Petitioner's typewriter was shipped to Clallam
23 Bay Corrections Center, but is being withheld from him until he pays another $15.00 for "future
24

shipment" before it will be issued to him. Dkt. 95, at 9. Petitioner "respectfully requests the Court order Respondent's [sic] by name to return inmate's property or face civil penalty." Dkt. 97. The Respondent failed to respond to any of the motions.

## **DISCUSSION**

In Washington, "whenever an inmate is moved between DOC institutions, DOC is responsible for ensuring that the property owned by convicted persons and held in the custody of DOC superintendents is physically relocated from the transferor institution to the transferee institution." *Burton v. Lehman*, 153 Wn.2d 416, 425, 103 P.3d 1230, 1235 (2005), *as corrected* (Oct. 24, 2005). "DOC may not impose a requirement that inmates must choose between having to pay shipping costs or lose their ownership." *Id.*

To the extent that Petitioner seeks an order that his property be transferred to Clallam Bay Corrections Center, his motions (Dkts. 91, 92, 95 and 97) should be granted. It is unclear from the record in this case what, if any, of Petitioner's property has not yet been sent to Clallam Bay Corrections Center. In accord with the Washington State Supreme Court's holding in *Burton,* all of Petitioner's property that remains at Stafford Creek Corrections Center should be shipped to Clallam Bay Corrections Center.

To the extent that Petitioner moves for the return of his property to his possession (Dkts. 91, 92, 95, and 97) his motion should be granted, in part, and denied, in part. In the interest fully considering the issues raised in this case, Petitioner's typewriter and legal materials should be returned to him. The Assistant Attorney General assigned to this case should facilitate the return of Petitioner's typewriter (free of charge) and legal materials. Petitioner's motion for return of other personal materials should be denied. It is unclear what this property consists of, and the

decision to return those materials is in the discretion of the Superintendent within the confines of state and federal law.

To the extent that Petitioner moves for monetary penalties against various employees of DOC for failing to return his property, his motions (Dkts. 91, 92, 95 and 97) should be denied. Petitioner has made no showing that monetary penalties are appropriate.

The Assistant Attorney General should be ordered to provide the undersigned with a status update regarding the return of Petitioner's typewriter and legal materials on or before March 21, 2017.

## **ORDER**

It is **ORDERED** that:

(1) Petitioner's motions (Dkts. 91, 92, 95, and 97) **ARE:**

- **GRANTED, in part:**
    - All Petitioner's personal property, if any remains, **IS TO BE SHIPPED** from Stafford Creek Corrections Center to Clallam Bay Corrections Center;
    - Petitioner's typewriter and legal materials **SHALL BE RETURNED** to him free of charge; and
- **DENIED in all other respects.**

(2) The Assistant Attorney General **SHALL FILE** a status update regarding the return of Petitioner's typewriter and legal materials on or before **March 21, 2017.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 28th day of February, 2017.

*Robert J. Bryan* (signature)

ROBERT J. BRYAN
United States District Judge