# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| BRADLEY ALLEN GRUBHAM,<br><br>               Petitioner,<br><br>   v.<br><br>MICHAEL OBENLAND,<br><br>               Respondent. | CASE NO. 13-5646 RJB JRC<br><br>ORDER ON PETITIONER'S MOTION TO HOLD DEPARTMENT OF CORRECTIONS IN CONTEMPT OF ORDER |

This matter comes before the Court on the Petitioner's "Motion to Hold Department of Corrections in Contempt of Order." Dkt. 102. The Court has considered the pleadings filed regarding the motion and the remaining file.

Petitioner brings this case pursuant to 28 U.S.C. § 2254, challenging his conviction in state court of first degree assault. Dkt. 1. On February 8, 2017, a 42-page Report and Recommendation was filed, recommending that the petition be denied on the merits and a certificate of appealability not issue. Dkt. 93. Petitioner's motion for an extension of time to file objections was granted. Dkt. 96. The Report and Recommendation is noted for consideration on June 23, 3017. *Id*.

**FACTS RELEVANT TO THE MOTION**

On February 7, 2017, Petitioner filed two motions, seeking a court order requiring the Washington Department of Corrections ("DOC") ship him his legal paperwork and typewriter to his new facility and prohibit the DOC from destroying the property. Dkts. 91 and 92. On February 15, 2017, Petitioner filed his "Amended Motion for Dept. of Correction's [sic] to 1) Cease [unreadable] of destruction 2) Grant leave from postage/shipping demands 3) Convey Legal Property/Work Product to Petitioner's Possession," (Dkt. 95), and on February 21, 2017, he filed his "Motion to Supplement Argument Requesting Order Directing Dept of Correction's [sic] to convey all of Petitioner Legal Property including Typewriter be Delivered to Grubham Free of Charge at Contempt Will Result in Monetary Penalty" (Dkt. 97).

Petitioner indicated in these pleadings that he was moved in late January 2017 from Stafford Creek Corrections Center to Clallam Bay Corrections Center and no longer had any of his legal materials or his typewriter. Dkts. 91, 92, 95, and 97. Petitioner sought an order (1) requiring the DOC ship all his personal property, including his legal materials and typewriter, to his new institution, Clallam Bay Corrections Center, and (2) requiring Clallam Bay Corrections Center to relinquish all property to him. *Id.* Petitioner contended that he paid the $15.00 to ship his typewriter. *Id.* It appeared from his February 15, 2017 pleadings that Petitioner's typewriter was shipped to Clallam Bay Corrections Center, but was being withheld from him until he paid another $15.00 for "future shipment." Dkt. 95, at 9. Petitioner "respectfully request[ed] the Court order Respondent's [sic] by name to return inmate's property or face civil penalty." Dkt. 97. The government did not respond.

On February 28, 2017, the Court held that:

> To the extent that Petitioner seeks an order that his property be transferred to Clallam Bay Corrections Center, his motions (Dkts. 91, 92, 95 and 97) should

be granted. It is unclear from the record in this case what, if any, of Petitioner's property has not yet been sent to Clallam Bay Corrections Center. In accord with the Washington State Supreme Court's holding in *Burton* [*v. Burton v. Lehman*, 153 Wn.2d 416, 425, 103 P.3d 1230, 1235 (2005), *as corrected* (Oct. 24, 2005)]*,* all of Petitioner's property that remains at Stafford Creek Corrections Center should be shipped to Clallam Bay Corrections Center.

To the extent that Petitioner moves for the return of his property to his possession (Dkts. 91, 92, 95, and 97) his motion should be granted, in part, and denied, in part. In the interest fully considering the issues raised in this case, Petitioner's typewriter and legal materials should be returned to him. The Assistant Attorney General assigned to this case should facilitate the return of Petitioner's typewriter (free of charge) and legal materials. Petitioner's motion for return of other personal materials should be denied. It is unclear what this property consists of, and the decision to return those materials is in the discretion of the Superintendent within the confines of state and federal law.

Dkt. 98.

On March 20, 2017, the government's attorney filed a status report and a declaration from Christopher Stone, the Property Sergeant with DOC at Clallam Bay Corrections Center. Dkts. 99 and 99-1. Sergeant Stone states that Petitioner's typewriter was returned to Petitioner on March 6, 2017, without charge, and the Petitioner's legal materials were being transported to Clallam Bay Corrections Center and would be available to Petitioner when they arrived. Dkt. 99-1.

On March 26, 2017, Petitioner filed a pleading, acknowledging that his typewriter had been returned to him, free of charge. Dkt. 100. He also states that he received three of four boxes of legal materials. *Id.* Petitioner contends that he was informed that "this was all that was sent." *Id.,* at 3. Petitioner maintains that one box, containing the following items, is still missing:

1) All federal law books: i.e. a) Georgetown Law Journal, b) Fed. R. Civ. & Crim [sic] Proc, c) habeas corpus checklist, d) Dictionary (Black's Law Paper Back)
2) Merriam Webster Collegiate Dictionary
3) All certificates of completion – college certificates as well as programming certificates while at prison

ORDER ON PETITIONER'S MOTION TO HOLD
DEPARTMENT OF CORRECTIONS IN
CONTEMPT OF ORDER- 3

    4) Typewriter ribbon cartridges [unreadable], typing paper, highlighters, carbon paper, easel (all "legal" paraphernalia).

*Id.* He asserts that all of the items in #4 were in a "Tupperware 'hobby box.'" *Id.,* at 4.

On March 30, 2017, the government's attorney filed an additional report and the declaration of Todd Coleman, a Property Room Sergeant at Stafford Creek Corrections Center. Dkts. 101 and 101-1. Sergeant Coleman states that there was a single box of Petitioner's property left at the Stafford Creek Corrections Center after March 26, 2017, which he shipped to Petitioner on March 28, 2017. Dkt. 101-1, at 3. He states that the remaining box contained receipts, blank paper, lined paper, empty folders, and copies of kites and grievances. *Id.* Sergeant Coleman maintains that the remaining box did not contain "highlighters, typewriter ribbon, cartridges, or legal books." *Id.* Sergeant Coleman notes that in December of 2016, Petitioner's possessions were searched and several "hobby craft" items were confiscated. *Id.*

On April 2, 2017, Petitioner filed the instant motion for an order of contempt be entered against the DOC for failing to follow the Court's February 28, 2017 order and return "all legal property, free of charge," to him. Dkt. 102. In this motion, Petitioner again generally asserts that he has not received all his legal property or his "Tupperware 'hobby box'" that contained "legal paraphernalia." *Id.*

## **DISCUSSION**

"Civil contempt is appropriate only when a party fails to comply with a court order that is both specific and definite." *Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 466 (9th Cir. 1989)(*internal citations omitted*). "Failure to comply consists of not taking all the reasonable steps within one's power to insure compliance with the order." *Id.* (*internal quotations and citations omitted*).

Petitioner's motion to hold the DOC in contempt (Dkt. 102) should be denied. The government has taken all reasonable steps to comply with the February 28, 2017 order. Petitioner's reading of the February 28, 2017 order is too broad. DOC should not be held in contempt.

**ORDER**

It is **ORDERED** that:

- Petitioner's Motion to Hold the Department of Corrections in Contempt of Order (Dkt. 102) **IS DENIED.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 24th day of April, 2017.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge