UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRADLEY ALLEN GRUBHAM,<br><br>Petitioner,<br><br>v.<br><br>MICHAEL OBENLAND,<br><br>Respondent. | CASE NO. 13-5646 RJB JRC<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation of U.S. Magistrate Judge J. Richard Creatua. Dkt. 93. The Court has considered the Report and Recommendation, Petitioner's objections, supplemental objections, and "Motion for Evidentiary Hearing ie Supplemental Argument re: Objections to Magistrates [sic] Finding that Hearing is not Necessary" and the remaining record. Dkts. 93, 110, 114, and 115.

Petitioner brings this case pursuant to 28 U.S.C. § 2254, challenging his conviction in state court of first degree assault. Dkt. 1. On February 8, 2017, a 42-page Report and Recommendation was filed, recommending that the petition be denied on the merits and a certificate of appealability not issue. Dkt. 93. The facts and procedural history are in the Report and Recommendation (Dkt. 93, at 1-7) and are adopted here by reference. Petitioner's three motions for an extension of time to file objections were granted. Dkts. 96, 112, and 116.

Petitioner has now filed multiple objections (Dkts. 110, 114, and 115) and the matter is ripe for review. Petitioner's objections will be addressed below, by subject, rather than by claim because of the way he organized his objections.

**Evidentiary Hearing**. The Report and Recommendation recommends that Petitioner be denied an evidentiary hearing. Dkt. 93, at 6-7. Petitioner objects, again moves for an evidentiary hearing, asserting that the victim (Ron Phillips), a witness Tim Bautista, and another witness, Isabella Armour all testified falsely, that the state was aware of their false testimony, and so, he should be given an evidentiary hearing. Dkts. 115 and 110. He points to variations in their testimony. *Id.* Petitioner's arguments are a repeat of his prior assertions and are addressed in the Report and Recommendation. As stated in the Report and Recommendation, Petitioner has not shown that he is entitled to an evidentiary hearing. He raises issues of law, which can be decided on the record. His motion (Dkt. 115) should be denied.

**Prosecutorial Misconduct in Discussing "Ambiguous" First Aggressor Jury Instruction that Relieved the State of its Burden.** In his objections, Petitioner again argues that the prosecutor's misstatement regarding the first aggressor jury instruction (that provocative words were enough to eliminate the use of a defense of self-defense) was so prejudicial as to relieve the state of its burden to prove every element of assault. Dkts. 110 and 114. He further asserts that the first aggressor jury instruction was ambiguous, and so the prosecutor's misstatements compounded the problem. *Id.* Petitioner engages in an extensive discussion of his version of the events as opposed to the victim's and other witnesses. *Id.* Petitioner asserts that his "testimony was, by far, the most credible and supported by facts, physical evidence, and State witness testimony." Dkt. 114, at 13. He also refers to alleged statements from members of his jury.

1 Dkts. 110 and 114. Petitioner then discusses his ineffective assistance of counsel claims (both
2 trial and appellate) for failure to raise these issues. *Id.*

3 The Report and Recommendation addresses each of Petitioner's arguments, none of which
4 are new. Petitioner's attacks on the various witnesses' and victim's versions of what happened
5 are based on the witnesses' credibility; a determination which is left to the jury. Even though he
6 focuses a great deal on the first aggressor jury instruction, he acknowledges (as stated in the
7 Report and Recommendation) that he is also not entitled to a self-defense defense if the jury
8 finds his response to the attack was unreasonable in the circumstances. Petitioner's objections
9 do not provided a basis to reject the Report and Recommendation regarding these issues.

10 **State's Knowing Use of False Testimony**. In the portion of his objections entitled
11 "knowing use of false testimony," Petitioner again attacks the victim's credibility pointing to
12 statements the victim made in a police report (that he was initially attacked from behind) that
13 Petitioner asserts vary from the victim's testimony at trial (that he was attacked from the front).
14 Dkt. 114. The Report and Recommendation specifically addresses this issue, noting that the
15 Petitioner failed to show that the prosecutor knowingly used false testimony or that any of the
16 alleged false testimony affected the jury's verdict. Dkt. 93, at 16.

17 **Ineffective Assistance of Counsel.** Petitioner again asserts that trial counsel should have
18 objected to the prosecutor's misstatements that provocative words are sufficient to be considered
19 the first aggressor and should have more completely impeached the victim's testimony and other
20 witnesses' testimony. Dkts. 110 and 114. Petitioner repeats his argument that appellate counsel
21 was deficient in their failure to raises the issue around the prosecutor's misstatements about the
22 first aggressor jury instruction. *Id.*

23
24

The Report and Recommendation also discusses all Petitioner's ineffective assistance of counsel claims at length. His objections are a repetition of his prior arguments and offer no basis to reject the Report and Recommendation.

**Other Objections.** Petitioner repeats several other arguments throughout his objections which are also addressed in the Report and Recommendation. Dkts. 110, 114, and 115. They do not provide a basis to reject it.

**Certificate of Appealability.** Petitioner asserts that the Report and Recommendation erred in its recommendation that a certificate of appealability not issue. Dkt. 114.

The district court should grant an application for a Certificate of Appealability only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To obtain a Certificate of Appealability under 28 U.S.C. § 2253(c), a *habeas* petitioner must make a showing that reasonable jurists could disagree with the district court's resolution of his or her constitutional claims or that jurists could agree the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483–485 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

The certificate of appealability should be denied. Petitioner has not made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Reasonable jurists could not agree that the issues presented were adequate to deserve encouragement to proceed further. *Slack,* at 483-485. The Report and Recommendation's recommendation on the certificate of appealabilty should be adopted and the certificate of appealability should be denied.

## ORDER

Accordingly, it is **ORDERED** that:

The Report and Recommendation (Dkt. 93) **IS ADOPTED**;

Petitioner's motion for an evidentiary hearing (Dkt. 115) **IS DENIED**;

The petition **IS DENIED**;

The certificate of appealability **IS DENIED**; and

This case **IS CLOSED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record, Judge Creatura, and to any party appearing *pro se* at said party's last known address.

Dated this 23rd day of October, 2017.

_____
ROBERT J. BRYAN
United States District Judge

ORDER ADOPTING REPORT AND
RECOMMENDATION- 5